UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HEATHER SUIT, ERIC SUIT, individually and as Guardian ad Litem for BRAELYN SUIT, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FOLSOM, FOLSOM POLICE DEPARTMENT, OFFICER KRACHER, STEVE CARSON, and DOES 1-100,<br><br>Defendants. | CIV. NO. 2:16-00807 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiffs Heather and Eric Suit and their minor daughter filed this action under 42 U.S.C. § 1983 based on a car accident that resulted from defendant Officer Kracher's pursuit of defendant Steve Carson. Defendants City of Folsom ("the City"), Folsom Police Department ("the Department"), and Officer Kracher now move to dismiss plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be

1

granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.   Factual and Procedural Background

On October 26, 2015, Heather Suit was driving her minor daughter to school in Folsom, California.  (Second Am. Compl. ("SAC") ¶ 23 (Docket No. 16).)  While they were on the road, Officer Kracher allegedly engaged in a vehicle pursuit of Carson because he suspected Carson of having committed a "non-violent 'cold'" misdemeanor.  (Id. ¶¶ 25, 27.)  Carson allegedly was "driving lawfully" before the pursuit and began driving "in a reckless manner" once Officer Kracher initiated the stop.  (Id. ¶¶ 26, 32.)  Plaintiffs allege that during the chase, Carson collided with another bystander's vehicle and subsequently collided with plaintiffs' vehicle.  (Id. ¶¶ 35, 37, 55.)

Plaintiffs initiated this action based on the injuries they incurred when Carson hit their vehicle.  After amending their Complaint in response to defendants' first motion to dismiss, plaintiffs alleged five claims in their First Amended Complaint ("FAC"): (1) 42 U.S.C. § 1983 claim against Officer Kracher for violations of plaintiffs' due process rights under the Fourteenth Amendment; (2) Monell claim under § 1983 against the City; (3) "supervisorial liability" claim under § 1983 against the City and the Department; (4) negligence claim against the City, the Department, and Carson; and (5) loss of consortium claim by Eric Suit against all defendants.  On August 8, 2016, the court dismissed all of plaintiffs' claims ("August 8 Order").  (Aug. 8, 2016 Order ("Aug. 8 Order") 11:16-19 (Docket No. 15.).)

Plaintiffs filed their SAC on August 26, 2016,

2

asserting the same claims as in the FAC and adding the City and the Department to plaintiffs' substantive due process claim under § 1983. (SAC at 6-14.) The City, the Department, and Officer Kracher now move to dismiss plaintiffs' SAC for failure to state a claim upon which relief can be granted.

II. Discussion

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Twombly, 550 U.S. at 555 (alteration in original) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

    A.   Section 1983 Claims

        In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

42 U.S.C. § 1983.  While § 1983 is not itself a source of substantive rights, it provides a cause of action against any person who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights.  Id.; Graham v. Connor, 490 U.S. 386, 393-94 (1989).

        In their initial Complaint, plaintiffs alleged violations of their Fourth Amendment rights to be free from unreasonable seizures.  Plaintiffs abandoned that theory in their FAC and SAC and instead allege only substantive due process violations under the Fourteenth Amendment.  See generally County of Sacramento v. Lewis, 523 U.S. 833, 844 (1998) (holding that an officer's collision into a motorcycle on which plaintiff was riding did not give rise to a cognizable Fourth Amendment

4

violation because a "seizure" requires "a governmental termination of freedom of movement through means intentionally applied").

The Due Process Clause of the Fourteenth Amendment "guarante[es] more than fair process" and extends to "a substantive sphere as well, 'barring certain government actions regardless of the fairness of the procedures used to implement them.'" Id. at 844. "The touchstone of due process is protection of the individual against arbitrary action of government," Wolff v. McDonnell, 418 U.S. 539, 558 (1974), and "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,'" Lewis, 523 U.S. at 846 (quoting Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992)). Official conduct rises to this level only if it "shocks the conscience." Id.

"Where actual deliberation is practical, then an officer's 'deliberate indifference' may suffice to shock the conscience." Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010). "On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." Id. The deliberate indifference standard categorically does not apply to high-speed police chases, even though an officer could deliberate while accelerating after a suspect. Porter v. Osborn, 546 F.3d 1131, 1139-40 (9th Cir. 2008). Instead, a plaintiff must allege that a law enforcement

5

officer on a high-speech chase acted with an intent to harm the suspect or bystanders.  See Lewis, 523 U.S. at 854 ("[H]igh-speed chases with no intent to harm suspects physically or worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983."); Bingue v. Prunchak, 512 F.3d 1169, 1177 (9th Cir. 2008) ("Lewis requires [the court] to apply the 'intent to harm' standard to all high-speed chases.").

In the court's August 8 Order, the court found plaintiffs' FAC did not allege sufficient facts to give rise to the inference that Officer Kracher acted with the intent to harm bystanders.  (Aug. 8 Order 7:27-8:4.)  The FAC did "not even allege the legal conclusion that Officer Kracher continued his pursuit of Carson with an intent or purpose to cause harm to plaintiffs."  (Id. 7:24-27.)  The SAC fails for much of the same reasons.

Plaintiffs have added new allegations relating to Officer Kracher's deliberation prior to the pursuit, his awareness of the high traffic location of the pursuit, and time period the pursuit would occur during.  (SAC ¶¶ 29-30, 39, 44, 50-52.)  Even though plaintiffs now allege Officer Kracher deliberated for several minutes prior to pursuing Carson, (id. ¶ 31), this is not enough to satisfy Ninth Circuit precedent that holds the intent to harm standard applies to all high-speed chases, Bingue, 512 F.3d at 1177.  Plaintiffs allege defendants were deliberately indifferent to nearby bystanders and "were further aware and appreciated the fact that [there would be a

dangerous pursuit] due to the probable pursuit taking place through residential and school zones." (SAC ¶¶ 30-31.) Allegations that the officer acted negligently, recklessly and carelessly, grossly negligent, or in a conscious disregard of plaintiffs' rights does not rise to the level of intent or purpose to cause harm. Lewis, 523 U.S. at 854; accord Bingue, 512 F.3d at 1174.

The SAC also contains several new allegations that Officer Kracher had Carson's contact information, residence address, vehicle information, and physical description and Officer Kracher could later safely apprehend Carson. (SAC ¶¶ 28, 31, 39, 44.) An officer has a legitimate law enforcement objective in pursuing a fleeing suspect until the officer apprehends the suspect. See Scott v. Harris, 550 U.S. 372, 385 (2007) ("But wait, says respondent: Couldn't the innocent public equally have been protected and the tragic accident entirely avoided, if the police had simply ceased their pursuit? We think the police need not have taken that chance and hoped for the best. . . . First of all, there would have been no way to convey convincingly to respondent that the chase was off, and that he was free to go. . . . Second, we are loath to lay down a rule requiring the police to allow fleeing suspects to get away whenever they drive so recklessly that they put other people's lives in danger."); Onossian v. Block, 175 F.3d 1169, 1171 (9th Cir. 1999) ("[I]f a police officer is justified in giving chase, that justification insulates the officer from constitutional attack, irrespective of who might be harmed or killed as a

7

consequence of the chase."); (see also Aug. 8 Order 9:8-10.)  The SAC alleges that Carson was suspected of a "non-violent 'cold' crime," and plaintiffs do not cite a single case suggesting that Officer Kracher lacked authority to pursue or stop Carson at that time.  (See SAC ¶ 25.)  Any allegations regarding Officer Kracher's ability to later apprehend Carson are thus irrelevant to the current inquiry.

Plaintiffs have failed to allege that Officer Kracher, the City, or the Department acted with the purpose to harm plaintiffs.  Because the SAC lacks even a single factual allegation from which the court could reasonably infer that Officer Kracher acted with a purpose to harm unrelated to a legitimate law enforcement objective, plaintiffs fail to allege a cognizable violation of the Fourteenth Amendment necessary to sustain a § 1983 claim against Officer Kracher, the City, and the Department.  In the absence of an underlying constitutional violation, plaintiffs' Monell and "supervisorial liability" claims again fail.  See Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010); Patel v. Maricopa County, 585 Fed. App'x 452, 452 (9th Cir. 2014).

Defendants request that the court dismiss each of plaintiffs' claims with prejudice and without leave to amend.  (Defs.' Reply at 2:16-20 (Docket No. 21).)  Generally, a court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

8

litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006).  In the third iteration of their complaint, plaintiffs have failed to allege facts that address, let alone remedy, the concerns expressly noted in the court's August 8 Order.  The plaintiffs only needed to allege facts indicating Officer Kracher acted with the intent to cause harm to plaintiffs, but they failed to do so. To give plaintiffs leave to amend their complaint again after their SAC failed to address the issues raised by the court would constitute undue delay and prejudice to defendants.  Accordingly, the court will dismiss all of plaintiffs' § 1983 claims with prejudice.

    B.    State Law Claims

"[The court] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Because plaintiffs fail to allege a cognizable federal claim and the SAC relies on allegations of negligence under state law, the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.  See Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . point toward declining to exercise jurisdiction over the remaining state-law claims." (citation omitted)).  The court also has discretion to consider sua sponte whether to continue exercising supplemental jurisdiction in the

9

absence of a motion to dismiss, <u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999, 1003 n.3 (9th Cir. 1997) (en banc), and declines to exercise supplemental jurisdiction over plaintiffs' state law claims against Carson.

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiffs' Second Amended Complaint be, and the same hereby is, GRANTED and all claims against all defendants are dismissed.  Plaintiffs' federal law claims are DISMISSED WITH PREJUDICE.

Dated:  November 14, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE